NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| ADEDOYIN OLOKOSE, | : | |
| Petitioner, | : | Civ. No. 07-1981 (GEB) |
| v. | | |
| | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | | |
| | : | |
| Respondent. | | |

**BROWN, Chief Judge**

This matter comes before the Court upon the *pro se* petition of Adedoyin Olokose ("Petitioner" or "Olokose") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Mr. Olokose's petition.

I.   BACKGROUND

On February 24, 2005, Petitioner entered a guilty plea to one count of bank fraud in violation of 18 U.S.C. § 1344. (Gov't Answer, Ex. A at 3, Exhibit B.) On June 20, 2005, the Court sentenced Petitioner to a term of imprisonment of 51 months. (Id., Ex. C.) At the sentencing hearing, the Court found that under the advisory United States Sentencing Guidelines, the total adjusted offense level applicable to Mr. Olokose was eighteen and that his criminal history category was IV. (Id., Ex. D at 20-21.)

Petitioner promptly appealed his sentence to the Third Circuit. The sole issue on appeal

was whether the District Court properly applied U.S.S.G. § 4A1.1(e) when it assigned two criminal history points to Petitioner as a result of his having committed the offense of conviction within two years of his release from custody for a prior offense.  (Id., Ex. E.)  On April 4, 2007, the Third Circuit affirmed this Court's calculation of Petitioner's criminal history score.  (Id.)

On April 27, 2007, Petitioner filed his first petition for relief pursuant to 28 U.S.C. § 2255.  (Docket Entry No. 1.)  After the Government filed its Answer, Petitioner moved to withdraw the petition and the Court granted the motion. (Docket Entry No. 6.)  On July 17, 2007, Petitioner filed the instant petition and the Government once again timely filed an Answer. (Docket Entries No. 7, 10.)  The Court will now address Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## II.   DISCUSSION

### a.   Applicable Standard

Section 2255 of Title 28 of the United States Code permits a court to vacate, correct or set aside a sentence that:

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, "[s]ection 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (internal quotations omitted).  Moreover, "if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to

show 'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged error or violation." Henry v. United States, 913 F. Supp. 334, 335 (M.D. Pa. 1996), aff'd, 96 F.3d 1435 (3d Cir. 1996); see also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in United States v. Frady, 456 U.S. 152 (1982) "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").  However, a petitioner need not demonstrate cause and prejudice when raising a claim of ineffective assistance of counsel for the first time in a collateral attack.  DeRewal, 10 F.3d at 104.

       **b.**     **Petitioner's Challenge of the Court's Calculation of His Criminal History Score**

Petitioner contends that the Court erred in calculating his criminal history score at sentencing by using "impermissible double counting on his prior conviction/sentence-Probation." (Pet. Br. at 4.)  The Government responds that Petitioner is procedurally barred from raising the calculation issue because it was "directly raised and decided by the Third Circuit" on appeal. (Gov't Answer at 5.)  The Government further argues that the Court correctly calculated Petitioner's criminal history score. (Id. at 7.)

The Court agrees with the Government.  Petitioner's argument that the Court improperly calculated his criminal history score is little more than an attempt to relitigate what has already been decided by the Third Circuit on appeal.  Petitioner claimed on appeal that "the District Court erred in determining that he committed the instant offense within two years of his having been released from imprisonment for a previous offense, and that the District Court thus improperly added points to his criminal history score." (Id., Ex. E, at 2-3.)  The Court of Appeals

affirmed this Court's calculation of Petitioner's criminal history score.  Pursuant to DeRewal, Petitioner is procedurally barred from relitigating the issue in his Section 2255 motion.

        c.        **Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner further argues that his counsel was ineffective because counsel failed to "protect him from the enhancement of his Criminal History Category, that was based under the ambiguous of Chapter 4, Section 4A1.1 of the U.S.S.G." (Pet. Br. at 9-10.)  The Government responds that Petitioner's counsel was not ineffective because counsel "vigorously argued the § 4A1.1(e) issue both at sentencing and on appeal, and lost both times." (Id. at 11).  The Court agrees with the Government.

The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993), quoting Strickland v. Washington, 466 U.S. 668, 684 (1984).  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> [f]irst, ... that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

Here, Petitioner has failed to establish any error on the part of his former counsel.  A review of the record reveals that Petitioner's former counsel did in fact raise the exact issue that

Petitioner contends was overlooked at both the sentencing and on appeal, albeit unsuccessfully. (See Gov't Br., Ex. D, E.)

### III.  CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed with prejudice.  An appropriate form of Order accompanies this Opinion.

Dated:  March 27, 2008

                                                    s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.